UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FIRESTONE FINANCIAL CORP., | Case No. 2:12-cv-01252-MMD-RJJ |
| Plaintiff, | ORDER |
| v. | (Plaintiff's *Ex Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining Order –dkt. no. 2) |
| AMUSEMENT GAME RENTALS, INC., and ERIC BRASHER, | |
| Defendants. | |

UPON CONSIDERATION of Plaintiff's *Ex Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining Order, the supporting declarations and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1.      Plaintiff has not satisfied the requirements of NRS § 31.856 for issuance of a pre-judgment writ of execution; The collateral consists of several pieces of gambling and gaming equipment secured by Plaintiff as collateral for several loans Plaintiff provided to Defendant Amusement Game Rentals; Plaintiff has not demonstrated  that (1) the collateral at issue is perishable and will perish before a hearing on this case can be held (NRS § 31.856(c)(1)); or (2) that the property is in immediate danger of

1    Defendants destroying, harming, concealing, selling, or removing the collateral from this
2    state (NRS § 31.856(c)(2));

3        2.    Plaintiff further has not satisfied the requirements of Local Rule 7-5(b),
4    which requires that "all *ex parte* motions, applications, requests shall contain a statement
5    showing good cause why the matter was submitted to the Court without notice to all
6    parties";

7        3.    For these reasons, Plaintiff's Petition for Prejudgment Writ of Possession is
8    DENIED;

9        4.    However, Plaintiff is likely to succeed on the merits of its claims for breach
10   of contract and breach of guaranty;

11       5.    The balance of hardships tips in Plaintiff's favor because the issuance of
12   the temporary restraining order would merely prevent Defendants from destroying the
13   collateral at issue in this case, without which Plaintiffs could suffer irreparable injury and
14   incur additional expense if the collateral is sold or destroyed during the  pendency of this
15   action; and

16       6.    The issuance of a temporary restraining order is in the public interest
17   because it prevents Defendants from destroying valuable collateral which Defendants
18   owe Plaintiff.

19       THEREFORE, IT IS HEREBY ORDERED THAT:

20       A.    Defendants may not remove or destroy the collateral pending a hearing on
21   Plaintiff's Motion;

22       B.    Plaintiff shall post a bond of $100, based on the evidence establishing that
23   Defendants will only suffer minimal damage, if any, by the issuance of this temporary
24   restraining order. This requirement may be satisfied by tendering $100 cash to the Clerk
25   of the Court pursuant to Local Rule 67-1; and

26       IT IS HEREBY FURTHER ORDERED THAT:

27       A.    Plaintiff shall immediately serve the Summons, Complaint, Plaintiff's *Ex*
28   *Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show

1  Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining

2  Order, and all other papers and pleadings in this case upon Defendants.

3       B.     The parties shall appear for hearing and oral argument on Plaintiff's Motion

4  on July 26, 2012, at 10:00 AM at the Lloyd D. George Federal Courthouse, 333 Las

5  Vegas Boulevard So., Las Vegas, NV 89101, Courtroom 4A.

6       C.     Defendants shall file and serve their opposition to Plaintiff's Motion, if any,

7  no later than July 23, 2012, by 12:00 PM, and Plaintiff shall file and serve its reply brief

8  no later than July 25, 2012, by 12:00 PM.

9       ENTERED THIS 18th day of July 2012.

10

11  _____

     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28