UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIRESTONE FINANCIAL CORP., <br><br>　　　　　　　　Plaintiff, <br><br>　　v. <br><br>AMUSEMENT GAME RENTALS, INC., and ERIC BRASHER, <br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-01252-MMD-RJJ <br><br>ORDER <br><br>(Plaintiff's *Ex Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining Order –dkt. no. 2) |

UPON CONSIDERATION of Plaintiff's *Ex Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining Order, the supporting declarations and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

1. Plaintiff has not satisfied the requirements of NRS § 31.856 for issuance of a pre-judgment writ of execution; The collateral consists of several pieces of gambling and gaming equipment secured by Plaintiff as collateral for several loans Plaintiff provided to Defendant Amusement Game Rentals; Plaintiff has not demonstrated that (1) the collateral at issue is perishable and will perish before a hearing on this case can be held (NRS § 31.856(c)(1)); or (2) that the property is in immediate danger of

Defendants destroying, harming, concealing, selling, or removing the collateral from this state (NRS § 31.856(c)(2));

2. Plaintiff further has not satisfied the requirements of Local Rule 7-5(b), which requires that "all *ex parte* motions, applications, requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties";

3. For these reasons, Plaintiff's Petition for Prejudgment Writ of Possession is DENIED;

4. However, Plaintiff is likely to succeed on the merits of its claims for breach of contract and breach of guaranty;

5. The balance of hardships tips in Plaintiff's favor because the issuance of the temporary restraining order would merely prevent Defendants from destroying the collateral at issue in this case, without which Plaintiffs could suffer irreparable injury and incur additional expense if the collateral is sold or destroyed during the pendency of this action; and

6. The issuance of a temporary restraining order is in the public interest because it prevents Defendants from destroying valuable collateral which Defendants owe Plaintiff.

THEREFORE, IT IS HEREBY ORDERED THAT:

A. Defendants may not remove or destroy the collateral pending a hearing on Plaintiff's Motion;

B. Plaintiff shall post a bond of $100, based on the evidence establishing that Defendants will only suffer minimal damage, if any, by the issuance of this temporary restraining order. This requirement may be satisfied by tendering $100 cash to the Clerk of the Court pursuant to Local Rule 67-1; and

IT IS HEREBY FURTHER ORDERED THAT:

A. Plaintiff shall immediately serve the Summons, Complaint, Plaintiff's *Ex Parte* Petition for Prejudgment Writ of Possession Or, in the Alternative, Order to Show

Cause Why a Writ of Possession Should not Issue and Issue a Temporary Restraining Order, and all other papers and pleadings in this case upon Defendants.

      B.      The parties shall appear for hearing and oral argument on Plaintiff's Motion on July 26, 2012, at 10:00 AM at the Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard So., Las Vegas, NV 89101, Courtroom 4A.

      C.      Defendants shall file and serve their opposition to Plaintiff's Motion, if any, no later than July 23, 2012, by 12:00 PM, and Plaintiff shall file and serve its reply brief no later than July 25, 2012, by 12:00 PM.

ENTERED THIS 18th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE